UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VIBRA-TECH ENGINEERS, INC., | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 08-2646-NLH |
| | : | |
| v. | : | **AMENDED OPINION**[1] |
| | : | |
| SCOTT KAVALEK, et al., | : | |
| | : | |
| Defendants. | : | |

EDWARD F. BORDEN, JR.
DELIA ANNE DOUGHERTY
EARP COHN
20 BRACE ROAD
4TH FLOOR
CHERRY HILL, NJ 08034
*Attorneys for Plaintiff Vibra-Tech Engineers, Inc.*

JOHN JOSEPH MASTER, JR.
LAW OFFICES OF JOHN J. MASTER, JR.
49 GROVE STREET
HADDONFIELD, NJ 08033
*Attorney for Plaintiff Vibra-Tech Engineers, Inc.*

STEPHEN J. LABROLI
LEONARD, SCIOLLA, HUTCHISON, LEONARD & TINARI, LLP
712 EAST MAIN STREET
SUITE 1A
MOORESTOWN, NJ 08057
*Attorney for Defendants Scott Kavalek, Roberta Kavalek, Intergrated Geotechnical Solutions, Inc. and Geotech Instruments, Inc.*

ANDREW JOHN PODOLSKI
Stark and Stark, PC

---

[1] This Opinion and its accompanying Order were filed on January 13, 2011. Here, the Original Opinion is amended to accurately reflect that Plaintiff complied with New Jersey Local Civil Rule 56.1(a) and accompanied its Opposition to Intergrated Geotechnical Solutions, Inc. and Geotech Instruments, Inc. Motions for Partial Summary Judgment with a statement of all material facts not in dispute. In all other material respects, the Opinion remains unchanged.

P.O. Box 5315
Princeton, NJ 08543
*Attorney for Defendant Charles Bauman*

EDWARD G. ENGELHART
SOMMER, ENGELHART & PESCATORE, ESQS.
230 PASSAIC AVENUE
FAIRFIELD, NJ 07004-2420
*Attorney for Interested Parties Newmark Engineering, P.C. and Glenn Newmark*

**HILLMAN, District Judge**

This matter comes before the Court upon Defendants' Intergrated Geotechnical Solutions, Inc. (hereinafter "IGS") and Geotech Instruments, Inc. (hereinafter "Geotech") Motions for Partial Summary Judgment [Docs. 148, 149] on Count One of Plaintiff's Complaint. IGS and Geotech (collectively "Corporate Defendants") contend they are entitled to partial summary judgment because neither corporation owed Plaintiff a fiduciary duty. Plaintiff disputes this contention. According to Plaintiff, the Court should analyze the relationships among all Defendants, including Defendants Scott Kavalek (hereinafter "Mr. Kavalek") and Roberta Kavalek (hereinafter Ms. "Kavalek"), and not determine the existence of a fiduciary relationship solely by examining the interactions of IGS and Geotech with Plaintiff. For the reasons expressed below, Corporate Defendants' Motions for Partial Summary Judgment will be denied.[2]

---

[2] This Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because the parties are diverse and the requisite amount in controversy is met.

**I. Background**

This case involves a long, complicated and disputed factual history. The Court will only discuss the facts relevant to the current Motions.[3] Plaintiff, Vibra-Tech Engineers, Inc. (hereinafter "Vibra-Tech"), specializes in the measurement of vibrations in the mining and construction industries and also provides consulting services in the areas of liability seismology, blasting, efficiency, structure dynamics and geophysics. From April 1998 to May 2008 Plaintiff employed Mr. Kavalek. Mr. Kavalek began his employment with Plaintiff as an Area Manager of Vibra-Tech's New Jersey office and during his tenure was promoted to Vice-President. Mr. Kavalek was also voted a member of Vibra-Tech's Board of Directors. Ms. Kavalek[4] was employed with Plaintiff from September 1997 to December 2006 as the Office Manager for Vibra-Tech's New Jersey office.

In December 2004, Mr. Kavalek and Ms. Kavalek (collectively "Individual Defendants") incorporated Geotech,[5] a business that

---

[3] Because the Corporate Defendants - the moving party - failed to comply with New Jersey Local Civil Rule 56.1(a), the Court derived the relevant facts from evidence on record, including affidavits, deposition testimony and the stipulated facts and admissions in the Joint Final Pretrial Order and the Supplement to Joint Final Pretrial Order.

[4] Mr. Kavalek and Ms. Kavalek married on June 15, 2006. Prior to marriage Ms. Kavalek's name was Roberta Wright.

[5] Ms. Kavalek owns 40% of Geotech and Mr. Kavalek owns 60% of Geotech. Geotech never employed anyone other than the Kavaleks.

sells geotechnical equipment.  Through Mr. Kavalek's connections with Plaintiff,[6] Geotech sold equipment at a profit to Vibra-Tech.  From Geotech's incorporation through the termination of their respective employments with Plaintiff, Individual Defendants conducted Geotech's business while simultaneously employed by Plaintiff and without its knowledge.  In May 2005, Ms. Kavalek incorporated IGS, a company that also performs vibration monitoring services on construction sites.  IGS is a competitor of Plaintiff.  Although Mr. Kavalek performed various duties on behalf of IGS and its customers, including serving as the company's Vice President, the record is unclear on the extent of the duties he preformed and whether he was an owner or employee of IGS.[7]  Individual Defendants performed their respective duties for IGS while simultaneously employed by Plaintiff and without its knowledge.  As a result of their interactions with Corporate Defendants, Individual Defendants seemingly concede their respective conduct violated their

---

[6] One of Mr. Kavalek's duties with Vibra-Tech included procurement.  He was therefore responsible for determining what equipment Vibra-Tech would purchase from Geotech or other companies.

[7] Although Defendants opine that Plaintiff was not an officer of IGS, a Bank of America corporate signature card request form dated November 2005 identifies Mr. Kavalek as Vice President of IGS. *See* Doc. 154, Page 32.  Beyond their mere contentions, there is no evidence on record to support Defendants' assertions that Mr. Kavalek was not an officer of IGS.

fiduciary obligations to Plaintiff.[8] *See* Doc. 175, Supplement to Joint Final Pretrial Order ("Ms. Kavalek acknowledges that her conduct was a technical violation of her fiduciary obligation to her employer [Vibra-Tech]"); *See also* Id. ("The conduct of Mr. Kavalek was a technical violation of his fiduciary obligation to his employer [Vibra-Tech] although Plaintiff suffered no actual damages as a result").

Plaintiff filed its original Complaint on May 29, 2008,[9] alleging several causes of action.[10] On July 30, 2010, Corporate Defendants moved for entry of summary judgment on their behalf with respect to count one of Plaintiff's Complaint, breach of fiduciary duties. Plaintiff opposes entry of summary judgment.

## II. Analysis

### A.  Standard for Summary Judgment

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

[8] Individual Defendants contend, however, that although they technically breached their fiduciary obligations, their breach did not cause Plaintiff any damages.

[9] Since this date Plaintiff has amended its Complaint on February 2, 2009, June 10, 2010 and August 4, 2010.

[10] Plaintiff's Third Amended Complaint contains thirteen counts and names several Defendants in each count.

Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id.  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323.  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57.  A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260

6

F.3d 228, 232 (3d Cir. 2001).

**B. Discussion**

<u>A. Failure to Comply with New Jersey Local Civil Rule 56.1(a)</u>

New Jersey Local Civil Rule 56.1(a)[11] requires that on motions for summary judgment both the moving and nonmoving parties shall provide the Court with a statement of all material facts not in dispute. L.Civ.R. 56.1(a); <u>Ramziddin v. Speziale</u>, No. 07-5303, 2009 WL 4827492, at * 1 (D.N.J. Dec. 10, 2009). These facts shall be set forth in "separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." L.Civ.R. 56.1(a). The purpose of the Rule 56.1 statement is for the parties to identify the facts relevant to

---

[11] *See* L.Civ.R. 56.1(a) ("On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed. The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion. In addition, the opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition. The movant shall respond to any such supplemental statement of disputed material facts as above, with its reply papers").

the pending motion so the Court may determine whether a genuine dispute exists without having to first engage in a lengthy and timely review of the record. *See* Ramziddin, 2009 WL 4827492, at * 1; *see also* Comose v. New Jersey Transit Rail Operations, Inc., No. 98-2345, 2000 WL 33258658, at * 1 (D.N.J. Oct. 6, 2000) ("Especially in complex civil litigation like this matter, such statements save this court from having to drudge through deposition transcripts, expert reports, and lengthy contracts to determine the facts").

Consequences for noncompliance with L.Civ.R. 56.1 may be severe. The Rule specifically provides that a motion unaccompanied by "a statement of material facts not in dispute shall be dismissed." L.Civ.R. 56.1(a); *see* Kee v. Camden County, No. 04-0842, 2007 WL 1038828, at * 4 (D.N.J. March 30, 2007) ("A moving party's failure to comply with Rule 56.1 is itself sufficient to deny its motion"); *see also* Bowers v. Nat'l Collegiate Athletic Ass'n, 9 F. Supp.2d 460, 476 (D.N.J. 1998)("This failure to comply with the Local Civil Rule would by itself suffice to deny [defendant's] motion for summary judgment"); *see also* Langan Eng'g and Env't Serv., Inc. v. Greenwich Ins. Co., No. 07-2983, 2008 WL 5146538, at * 1 n. 3 (D.N.J. Dec. 8, 2008) (holding similarly). Although the Rule specifically indicates that noncompliance will result in dismissal, Courts in this district will excuse a party's

noncompliance in certain instances. *See* Ramziddin, 2009 WL 4827492, at * 1 (granting a *pro se* plaintiff leniency for failure to comply with Rule 56.1); *see also* Jones v. Miner, No. 06-1606, 2007 WL 2212508, at * 2 n. 5 (D.N.J. July 27, 2007) (excusing a party's noncompliance with Rule 56.1 because there was no evidence of bad faith by the party that failed to comply); *see also* Comose, 2000 WL 33258658, at * 1 (stating that the Court will overlook noncompliance with Rule 56.1 but will "admonish that the parties should consult the local rules in future cases").

Corporate Defendants, the moving party, failed to comply with L.Civ.R. 56.1(a) and accompany their Partial Motions for Summary Judgment with a statement of material facts not in dispute.  Despite Corporate Defendants' failure to provide the requisite L.Civ.R. 56.1(a) statement, the Court will not deny their Motions based upon noncompliance.  The Court notes, however, Corporate Defendants' failure to comply with L.Civ.R. 56.1 made the Court's resolution of this Motion substantially more difficult and time consuming.

### B. Existence of a Genuine Issue of Material Fact.

Corporate Defendants opine that summary judgment should be entered in their favor because they did not owe Plaintiff a

9

fiduciary duty.[12]  In response Plaintiff contends the fiduciary duty owed by Individual Defendants is imputed to Corporate Defendants and, consequently, because of this imputation Corporate Defendants owed Plaintiff a fiduciary duty.

The determination of a fiduciary relationship is a fact intensive inquiry.  The relationship arises between two parties when one party has a duty to give advice or act for the benefit of another on matters within the scope of their relationship. F.G. v. MacDonell, 696 A.2d 697, 704 (N.J. 1997).  A hallmark of a fiduciary relationship is one party's placement of "trust and confidence in another." Big M, Inc. v. Dryden Advisory Group, No. 08-3567, 2009 WL 1905106, at * 24 (D.N.J. June 30, 2009) ("A fiduciary obligation exists whenever one person places special trust and confidence in another person upon whom the person relies to exercise discretion and expertise upon behalf of that person").  Typically one side in a fiduciary relationship has a "dominant and controlling position" that prevents the parties from dealing on equal terms. Alexander v. CIGNA Corp., 991 F.Supp. 427, 437 (D.N.J. 1998) (citing and quoting in part In re Stroming's Will, 79 A.2d 492, 495 (N.J. Super. Ct. App. Div.

---

[12] To prove a breach of fiduciary duty, the plaintiff must prove: (1) a fiduciary relationship existed between the parties, (2) a breach of the duty imposed by that relationship, and (3) harm to the plaintiff. ACE Am. Ins. Co. v. Wachovia Ins. Agency Inc., No. 08-4369, 2008 WL 4630486, at * 6 (D.N.J. Oct. 17, 2008) (citing McKelvey v. Pierce, 800 A.2d 840, 859-60 (N.J. 2002))

1951)). In other words, a fiduciary relationship "does not exist where the parties deal on terms of equality." Id. (quoting In re Stroming's Will, 79 A.2d at 495); *see* Blake v. Brennan, 61 A.2d 916, 919 (N.J. Ch. 1948) ("Tersely stated, the test is whether the relations between the parties were of such a character of trust and confidence as to render it reasonably certain that the one party occupied a dominant position over the other and that consequently they did not deal on terms and conditions of equality"). Typically, a fiduciary's responsibilities include a duty of loyalty to the dependant party. MacDonell, 696 A.2d at 704. Generally ordinary commercial business transactions do not form a fiduciary relationship. Alexander, 991 F.Supp. at 438.

Based solely upon their interactions, Corporate Defendants did not owe Plaintiff a fiduciary duty. The parties' relationships were not characterized by trust or confidence nor were they unable to compete on equal terms. Geotech's interactions with Plaintiff were ordinary commercial business transactions and IGS, as a competitor of Vibra-Tech, did not interact with Plaintiff.

The formation of a fiduciary relationship, however, is not limited to direct interactions. New Jersey courts also recognize that a fiduciary duty may arise through imputation.[13] In Cameco,

---

[13] In the context of a principle/agent relationship, New Jersey Courts have opined that the "imputation doctrine is derived from common law rules of agency . . . . Pursuant to those

11

Inc. v. Gedicke, 690 A.2d 1051 (N.J. Super. Ct. App. Div. 1997), *aff'd as modified and remanded*, 724 A.2d 783 (N.J. 1999), Chernow v. Reyes, 570 A.2d 1282 (N.J. Super. Ct. App. Div. 1990) and United Board & Carton Corp. v. Britting, 164 A.2d 824 (N.J. Ch. 1959), three cases factually similar to the present matter, New Jersey courts addressed the liability of defendants that breach their duty of loyalty[14] to their former employer.  In all three cases, the individual defendants were employed by the plaintiff. During the course of their employment and without their employer's knowledge, the individual defendants formed a corporation or assisted a family member that formed a corporation.  This newly formed corporation then competed with

---

common law rules, a principal is deemed to know facts that are known to its agent . . . . Principles thereby are prevented from obtaining benefits through their agents while avoiding the consequences of agent misdeeds." NCP Litig. Trust v. KPMG LLP, 901 A.2d 871, 879 (N.J. 2006) (internal citations and quotations removed).

[14]  The duty of loyalty is a type of fiduciary duty. MacDonell, 696 A.2d at 704; *see* Marsellis-Warner Corp. v. Rabens, 51 F. Supp.2d 508, 524-25 (D.N.J. 1999) (concluding that plaintiff will prevail on its breach of fiduciary duty claim because defendants breached their duty of loyalty)*; see also* Big M, Inc., v., 2009 WL 1905106, at * 23 ("The fiduciary's obligations to the dependent party include a duty of loyalty and a duty to exercise reasonable skill and care") (quoting McKelvey v. Pierce, 800 A.2d 840, 860 (N.J. 2002)).  It prohibits an employee from acting contrary to his employer's interest and includes an obligation that the employee does not compete with his employer's business or aid his employer's competition. Cameco, Inc. v. Gedicke, 690 A.2d 1051, 1057 (N.J. Super. Ct. App. Div. 1997), *aff'd as modified and remanded*, 724 A.2d 783 (N.J. 1999).

the individual defendants' employer, the plaintiff.  In discussing liability, the courts held that the individual defendants' conduct breached their duty of loyalty to the plaintiff, their employer.

Although none of the courts specifically delineated a theory of liability or provided any legal analysis on imputation, the courts imputed the individual defendants' conduct to the corporation and held it liable for breach of the fiduciary duty of loyalty. *See* Cameco, 690 A.2d at 1057 (holding that the individual defendants' formation of a company that competed with the plaintiff's company, while one of the individual defendants was employed by the plaintiff, violated his duty of loyalty to plaintiff and made the individual defendants and their corporation liable); *see also* Chernow v. Reyes, 570 A.2d 1282, 1285 (N.J. Super. Ct. App. Div. 1990) (holding that an individual defendant and his corporation were liable to individual defendant's former employer, the plaintiff, for actions that constituted a breach of the individual defendant's duty of loyalty to the plaintiff); *see also* United Bd. & Carton Corp. v. Britting, 164 A.2d 824, 833 (N.J. Ch. 1959) (enjoining both the individual and corporate defendant from working or soliciting customers with whom the individual defendant sold product to while employed by the plaintiff).

To determine whether the fiduciary duty Individual Defendants owed Plaintiff was imputed to Corporate Defendants, the Court must engage in an extremely fact intensive inquiry. Although they contest whether their breach caused Plaintiff any damages, Individual Defendants concede they breached their fiduciary duty to Plaintiff. The Court must now ascertain the role, if any, Corporate Defendants played in facilitating that breach. During the course of their employment with Plaintiff, Individual Defendants formed two corporations. One corporation, IGS, directly competed with Plaintiff and the other, Geotech, sold Vibra-Tech equipment. Plaintiff was unaware that Individual Defendants owned Geotech and that Mr. Kavalek was vice-president and worked for IGS. The remainder of the facts, including whether and how Individual Defendants utilized the corporate veil to facilitate the breach of their duties are either not on record or disputed. These absent facts are critical to the determination of whether Individual Defendants' conduct shall be imputed to Corporate Defendants.[15] The Court views the absence of these facts as indicating an existence of a genuine issue of material fact, thus precluding entry of summary judgment.

---

[15] For example, in the three cases where New Jersey courts imputed the individual defendants' conduct to the corporate defendants, the facts clearly indicated that individual defendants utilized their corporations to compete with the plaintiff.

**III. CONCLUSION**

Corporate Defendants' failure to comply with L.Civ.R. 56.1(a) and provide the Court with a "Statement of Material Facts Not in Dispute," is not the dispositive factor in the Court's conclusion. Even if Corporate Defendants provided the required statement, the record is too undeveloped and contains too many disputed facts for the Court to enter summary judgment on behalf of Corporate Defendants. On December 6, 2010, Judge Donio signed the Joint Final Pretrial Order. Consequently, barring settlement, this case will proceed to trial.[16] Only then, after the factual issues are resolved and the record fully developed, may the Court determine (1) whether Individual Defendants utilized Corporate Defendants to breach their fiduciary obligations to Plaintiff and, if so, (2) whether the conduct of Individual Defendants was sufficient to impute their fiduciary obligations owed to Plaintiff to Corporate Defendants, making Corporate Defendants liable for breach of fiduciary duty. As discussed above these necessary facts are not on record.

---

[16] As noted above, this case involves five defendants and a thirteen count Amended Complaint, with each count naming several defendants. Corporate Defendants' Partial Motions for Summary Judgment only involve two defendants and one count of the Complaint. Consequently, even if the Court entered summary judgment, all Defendants and a substantial number of Plaintiff's claims would still remain in the case.

The Court will, therefore, deny Defendants' Partial Motions for Summary Judgment [Docs. 148, 149] because a genuine dispute of material fact exists.  An appropriate order will be entered.


Date: January 14, 2011                    s/ Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.