UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIBRA-TECH ENGINEERS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>SCOTT KAVALEK, et al.,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-2646<br>(JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

EARP COHN
By: Edward F. Borden, Jr.
20 Brace Road, 4th Floor
Cherry Hill, NJ 08034
    Counsel for Plaintiff Vibra-Tech Engineers, Inc.

LAW OFFICES OF JOHN J. MASTER, JR.
By: John Joseph Master, Jr.
49 Grove Street
Haddonfield, NJ 08033
Newark, NJ 07102
    Counsel for Plaintiff Vibra-Tech Engineers, Inc.

LEONARD, SCIOLLA, HUTCHISON, LEONARD & TINARI, LLP
By: Hugh J. Hutchison
712 East Main Street, Suite 1A
Moorestown, NJ 08057
    Counsel for Defendant Scott Kavalek

JACKSON LEWIS LLP
By: Alexander Nemiroff
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
    Counsel for Defendants Roberta Kavalek, Integrated Geotechnical Solutions, Inc., and Geotech Instruments, Inc.

STARK AND STARK, PC
By: Andrew John Podolski
P.O. Box 5315
Princeton, NJ 08543
    Counsel for Defendant Charles Bauman

1

**IRENAS**, Senior District Judge:

Pending before the Court is a Motion for Sanctions filed by Integrated Geotechnical Solutions, Inc. ("IGS") and Roberta Kavalek stemming from the alleged willful spoliation of evidence by Plaintiff Vibra-Tech Engineers, Inc. ("Vibra-Tech").

## I.

This case involves a long and complicated factual history. For the purposes of the present Motion, the Court will only provide a basic overview of the facts of the case.

Vibra-Tech specializes in the measurement of vibrations in the mining and construction industries and also provides consulting services in the areas of liability seismology, blasting, efficiency, structure dynamics and geophysics. From April 1998 to May 2008, Vibra-Tech employed Defendant Scott Kavalek first as an Area Manager and later as Vice-President. Defendant Roberta Kavalek was also employed by Vibra-Tech from September 1997 to December 2006 as the Office Manager for the New Jersey office.

In December 2004, Scott and Roberta Kavalek incorporated Geotech, a business that sells geotechnical equipment. From Geotech's incorporation through the termination of their respective employments with Vibra-Tech, Scott and Roberta Kavalek conducted Geotech's business, which included selling equipment at a profit to Vibra-Tech.

In May 2005, Roberta Kavalek incorpated IGS, a Vibra-Tech competitor that performs vibration monitoring services on construction sites.  Both Scott and Roberta Kavalek performed duties for IGS while employed by Vibra-Tech.

Vibra-Tech initiated this action on May 29, 2008 generally alleging that Defendants Scott and Roberta Kavalek breached employment agreements and converted Vibra-Tech's property in order to benefit their own corporations, Geotech and IGS.

On June 10, 2011, Defendants IGS and Roberta Kavalek ("Moving Defendants") filed the pending Motion for Sanctions due to Vibra-Tech's alleged willful spoliation of evidence.

## II.

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).  When documents cannot be found or are destroyed and the contents of the documents are relevant to the case, "the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him."  *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995).  Yet, "[n]o unfavorable inference arises when the circumstances indicate that the

document or article in question has been lost or accidentally destroyed, or where failure to produce it is otherwise properly accounted for." *Id.* In other words, there must be a finding that the spoliation was intentional and that there was fraud and a desire to suppress the truth before the Court will make a finding of spoliation. *Id.*

To justify an adverse inference sanction, four factors must be found: "(1) the evidence in question must be within the party's control; (2) it must appear that there has been actual suppression or withholding of the evidence; (3) the evidence destroyed or withheld was relevant to claims or defenses; and (4) it was reasonably foreseeable that the evidence would later be discoverable." *Paluch v. Dawson*, 2009 WL 3287395, at *2 (M.D.Pa. 2009); *Brewer,* 72 F.3d at 334. While a party has no duty to keep or retain every document in its possession, "even in advance of litigation, [a party] is under a duty to preserve what it knows or reasonably should know, will likely be requested in reasonably foreseeable litigation." *Ogin v. Ahmed,* 563 F.Supp.2d 539, 543 (M.D.Pa. 2008).

The Third Circuit has recognized that courts considering a imposition of sanctions for spoliation of evidence should also consider: (1) the degree of fault of the party who destroyed the evidence; (2) the degree of prejudice suffered by the other party; and (3) whether a lesser sanction will prevent substantial

unfairness to the other party.  *In re Hechinger Investment Co.*, 489 F.3d 568, 579 (3d Cir. 2007).

## III.

Moving Defendants argue that Vibra-Tech failed to implement a timely litigation hold and did not comply with its duty to preserve certain electronic information.  More specifically, they contend that Vibra-Tech "failed to implement a document preservation plan, take any initiative to notify employees of the need to preserve documents, the criteria for saving documents related to the lawsuit, or the consequences of failing to comply."  (Defs' Reply at 6.)  As a result, Moving Defendants argue that numerous emails between Roberta Kavalek and Vibra-Tech's Chief Financial Officer ("CFO") were destroyed or willfully withheld.  According to Moving Defendants, these emails "prove that IGS and Ms. Kavalek solely sought and obtained projects that were either too small for Plaintiff to consider, projects previously rejected by Plaintiff, or projects for clients for whom Plaintiff's home office prohibited the New Jersey office from conducting business."  (Defs' Reply at 7.)

The Court does not find specific evidence of fraud or bad faith on the part of Vibra-Tech nor does it find sufficient evidence of prejudice to Moving Defendants to warrant a finding of spoliation.  First, Vibra-Tech searched its CFO's computer for relevant files and emails on three occasions.  (*See* Pl's Opp. Ex.

5

D ¶¶ 3-5.)  In addition, after Vibra-Tech searched its server, it then produced all emails between the Kavaleks and the CFO.[1] (Pl's Opp. at 4.)  Moreover, Vibra-Tech's responses to document requests for communications regarding "problem clients" is also insufficient to support a finding of bad faith.  (*See* Defs' Ex. A and B at ¶ 7.)

Second, the Court does not find sufficient evidence that Moving Defendants were prejudiced by Vibra-Tech's actions. Vibra-Tech argues that the non-produced emails "demonstrate that IGS has never obtained a project in competition with [Vibra-Tech], and has never performed services on any project that, in the absence of IGS, [Vibra-Tech] would have performed."  (Defs' Br. in Support at 8.)  While Moving Defendants argue that "[t]here is no alternative source of information to definitively prove that Defendants actions did not divert any business relationships or prospective customers away from [Vibra-Tech]," the Court does not agree.  (*Id.*)  For example, such proof could be found by comparing a list of IGS' customers to a list of customers that Vibra-Tech would not or could not work with.

---

[1] Based on the deposition testimony of Robert Hamilton, Vibra-Tech's computer programmer from 1997 through 2007, it does not appear that emails were routinely stored on the Vibra-Tech server after they were delivered to a particular individual's inbox. (*See* Ex. H at 11-12, 38.)  After the close of discovery, Vibra-Tech produced a few emails retrieved from the server; however, they were unable to be opened and read.  (Defs' Motion at 7; Pl's Opp. at 5.)

Because the Court finds insufficient evidence of bad faith or prejudice it will decline to issue a spoliation inference or to impose any other sanction against Vibra-Tech.

**IV.**

For the above-stated reasons, Moving Defendants' Motion for Sanctions will be denied.  An appropriate Order will be issued.


Dated: December   22  , 2011


                                         s/Joseph E. Irenas
                                       **JOSEPH E. IRENAS, S.U.S.D.J.**